IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAVAROUS T. COSBY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | |
| COV, INC. d/b/a VANTAGE | * | |
| PRODUCTS CORPORATION, | * | |
| | * | **JURY TRIAL DEMAND** |
| Defendant. | * | |
| | * | |

**COMPLAINT**

Comes now, the above-named Plaintiff, and files his Complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of wage and overtime violations and retaliation.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant is an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

4.

Defendant is an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

5.

Defendant "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for [interstate or international] commerce by any person" as defined by 29 U.S.C. § 203(s).

6.

Defendant has an "annual gross volume of sales made or business done [of] not less than $500,000" as defined by 29 U.S.C. § 203(s).

7.

Plaintiff is a former "employee" of Defendant as defined by 29 U.S.C. § 203(e).

8.

Defendant is subject to the wage and hour and overtime provisions under the FLSA.

9.

Defendant is a Georgia corporation doing business within the State of Georgia, maintaining its principal office at 960 Almon Road, Covington, Newton County, Georgia 30014.

10.

This Court has personal jurisdiction over Defendant.

**VENUE**

11.

Defendant operates its injection molding and robotic painting system business within the Atlanta Division of the Northern District of Georgia.

12.

All action alleged herein occurred within the Atlanta Division of the Northern District of Georgia.

13.

Defendant's registered agent resides within the Atlanta Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(2).

14.

Venue in the Atlanta Division of the Northern District of Georgia is proper for Defendant under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

15.

Plaintiff is a citizen of the United States who resides in Newton County, Georgia.

16.

From approximately June of 2004 until March of 2022, the Plaintiff was employed by Defendant.

17.

Defendant operates its injection molding and robotic painting system business in the State of Georgia.

18.

Defendant may be served with summons and process by service upon its registered agent, Axis Research, Inc., at its registered address at 900 Old Roswell Lakes Parkway, Suite 210, Roswell, Fulton County, Georgia 30076.

**FACTS**

19.

From approximately June of 2004 until March of 2022, the Plaintiff was employed by Defendant at its injection molding and robotic painting located in Covington, Georgia.

20.

Since approximately August of 2020, the Plaintiff has been employed by Defendant as a Supervisor/Technician.

21.

Since August of 2020, the Plaintiff has been paid a salary, and not been paid overtime wages.

-4-

22.

In his position as a Supervisor/Technician, the Plaintiff's primary duties consisted of maintenance, troubleshooting, and technician repair on Defendant's molding machines.

23.

The Plaintiff's primary duties are manual labor duties.

24.

The Plaintiff's primary duty was not managing an enterprise for Defendant, or managing a customarily recognized department or subdivision of Defendant.

25.

The Plaintiff did not customarily and regularly direct the work of at least two (2) or more other full-time employees or their equivalent.

26.

The Plaintiff did not have the authority to hire or fire other employees.

27.

The Plaintiff did not provide suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees.

28.

The Plaintiff's duties did not include the authority to schedule employees or approve employee leave requests.

29.

The duties performed by the Plaintiff did not require the exercise of discretion or independent judgment.

30.

The Plaintiff's duties are not FLSA exempt duties.

31.

Since approximately August of 2020, the Plaintiff has routinely worked greater than forty (40) hours per week in his employment with Defendant.

32.

Since approximately August of 2020, the Plaintiff has routinely worked approximately sixty (60) to seventy (70) hours per week in his employment with Defendant.

33.

Since approximately August of 2020, the Plaintiff has not been paid overtime wages for the hours that he worked in excess of forty (40) hours per week.

34.

In approximately February of 2022, the Plaintiff complained to Lisa Barlow, Vice President for Defendant, about not being paid overtime and was told he was not entitled to overtime pay.

35.

In approximately February of 2022, Barlow told the Plaintiff that he was not entitled to overtime pay.

36.

In approximately March of 2022, the Plaintiff complained to O'Dell Harin, Plant Manager, and Julia Crew, that he would not continue to work sixty (60) to seventy (70) hours a week without being paid overtime.

37.

In approximately March of 2022, Harin and/or Crew told the Plaintiff that he was not going to be paid for overtime and if he would not work the hours, he would be fired.

38.

In approximately March of 2022, the Plaintiff refused to work sixty (60) to seventy (70) hours a week without being paid overtime, and was then terminated.

39.

Plaintiff is due retroactive payments and liquidated damages for hourly wages and overtime wages for hours worked beyond forty (40) hours per week.

40.

The Plaintiff's duties are not FLSA exempt duties.

41.

Defendant has failed to comply with the FLSA and pay the Plaintiff for all hours worked and for overtime, despite fully knowing that their actions are in violation of the FLSA.

42.

Defendant's actions have been willful as defined in 29 U.S.C. § 255(a).

43.

The Plaintiff was terminated in retaliation for complaining about FLSA violations.

**COUNT ONE:   FLSA FAILURE TO PAY FOR ALL HOURS WORKED/MISCLASSIFIED**

44.

Plaintiff incorporates herein paragraphs 1 through 43 of his Complaint.

45.

The Plaintiff was not paid for all hours worked each day.

46.

The job duties performed by Plaintiff are not exempt job duties under the FLSA.

47.

Defendant misclassified the Plaintiff as exempt and failed to pay Plaintiff the regular rate of pay for all hours worked, in violation of 29 U.S.C. § 206.

48.

Defendant's conduct entitles Plaintiff to the amount of the hours he worked for which he has not been paid.

49.

Defendant's actions have been willful as defined in 29 U.S.C. § 255(a).

**COUNT TWO:   FLSA RETALIATION**

50.

Plaintiff incorporates herein paragraphs 1 through 49 of his Complaint.

51.

The Plaintiff engaged in statutorily protected activity, as defined by 29 U.S.C. § 215, by complaining that he was not being paid for hours worked and overtime as required by the FLSA.

-9-

52.

In response, Defendant terminated the Plaintiff.

53.

Defendant's actions are in retaliation for the Plaintiff's statutorily protected complaints, in violation of 29 U.S.C. § 215(3), and have caused the Plaintiff loss of pay, benefits, and emotional distress.

54.

Defendant's conduct entitles Plaintiff to all legal and equitable relief provided for under 29 U.S.C § 216(b), including, but not limited to, loss of pay, benefits, compensatory and emotional distress damages.

55.

Defendant's conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiff to liquidated damages pursuant to 29 U.S.C. § 260.

**PRAYER FOR RELIEF**

56.

Wherefore, the Plaintiff prays for a judgment as follows:

1.  That the Court grant full back pay for unpaid hourly wages and overtime wages owed to the Plaintiff;

2.  That the Court grant Plaintiff liquidated damages under the FLSA;

-10-

3.  That the Court grant Plaintiff compensatory damages;

4.  That the Court grant Plaintiff pre-judgment interest;

5.  That the Court reinstate the Plaintiff to his employment;

6.  That the Court find that Defendant willfully violated the FLSA so that a three (3) year limitation period applies to this case;

7.  That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA and/or O.C.G.A. § 13-6-11;

8.  That the Court grant Plaintiff a jury trial;

9.  That the Court grant Plaintiff all other relief the Court deems just and proper; and

10. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further violations of the FLSA.

Respectfully submitted this 27th day of July 2022.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney for Plaintiff
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net